Heil Beauty Supplies, Inc. v. Commissioner.
Heil Beauty Supplies v. Commissioner
Docket No. 17137.
United States Tax Court
1950 Tax Ct. Memo LEXIS 14; 9 T.C.M. (CCH) 1125; T.C.M. (RIA) 50305; December 13, 1950
*14 1. Held, amounts paid to taxpayer's chief stockholder as "commissions" were distributions of corporate profits in the nature of dividends and, therefore, not deductible as ordinary and necessary expenses of the business. 2. Deduction of amounts paid out by corporation to reimburse its president for travel and entertainment expenses paid by him, approved. 3. Respondent's imposition of the 25 per cent penalty for failure to file excess profits tax returns, disapproved. Jerome F. Duggan, Esq., 705 Chestnut St., St. Louis, Mo., for the *15 petitioner. Gene W. Reardon, Esq., for the respondent. VAN FOSSAN Memorandum Findings of Fact and Opinion This case involves petitioner's request for a redetermination of deficiencies and 25 per cent penalties determined by respondent for the taxable years 1943, 1944 and 1945, as follows: Defi-
25%
Year
Kind of Tax
ciency
Penalty
1943
Income
$ 315.95
Excess Profits
6,279.94
$1,569.99
1944
Income
1,175.69
Declared Value Ex-
cess Profits
124.22
Excess Profits
4,482.68
1,120.67
1945
Declared Value Ex-
cess Profits
863.51
Excess Profits
9,787.56
The petitioner concedes the respondent's adjustment to net income in 1943 by disallowing a net operating loss deduction of $28.47 and $62 of a claimed deduction for capital stock tax; in 1944 by $240disallowing of a claimed deduction for interest; and in 1945 by disallowing a capital stock tax of $187.50. The case was submitted on a stipulation of facts and oral testimony. Findings of Fact The facts stipulated are so found. The petitioner was incorporated February 28, 1941, under the laws of the State of Missouri. Its original capital stock was issued for *16 cash as follows: $1,500 to Melvin H. Heil, president of petitioner corporation, and $3,400 to Carol W. Schuermann, also an officer of the petitioner corporation. No further capital was ever contributed to the business enterprise. Heil was an experienced beauty supply salesman. Mrs. Schuermann, who was then operating a beauty shop, was familiar with the beauty supply business and the operation of beauty parlors. Since the date of its incorporation to the present time, petitioner had continuously engaged in the business of selling beauty supplies. During the taxable years here involved, Heil owned approximately one-fourth and Mrs. Schuermann approximately three-fourths of the outstanding capital stock of the petitioner corporation. The minutes of the board of directors of the petitioner corporation annually provided, in part, that: "… the authorized commission of Carol W. Schuermann was set at 5% of the total net sales for the year…" Pursuant thereto the following sums were credited and debited by petitioner to an "accrued commissions" ledger account as follows: Date
Date
Amount
Credited
Debited
$ 6,305.75
12/31/43
4/30/44
7,112.53
12/30/44
5/30/45
10,054.56
12/30/45
3/30/46
*17 The petitioner issued checks to Carol W. Schuermann for the above sums on the following dates: $6,305.75 on April 12, 1944; $7,112.53 on May 14, 1945, and $10,054.56 on March 15, 1946. The petitioner at all times had available cash to pay Mrs. Schuermann the above credited amounts. Mrs. Schuermann reported the sums of $6,305.75 and $7,112.53 as taxable income for Federal income tax purposes in her individual Federal income tax returns for the calendar years 1944 and 1945, respectively. During the taxable years involved, Mrs. Schuermann, who had no regular office hours, rendered certain services "from time to time" to the petitioner. These services were devoted to aiding and assisting customers of beauty supply equipment by explaining hair dyes, permanent waving and hair tinting, and by showing them how to handle and use certain equipment. On occasion she also participated in discussions with other officers of the petitioner corporation regarding the problem of busines expansion. She was always available to render such services whenever needed. The petitioner claimed deductions in its income tax returns for the above amounts of $6,305.75 for 1943, $7,112.53 for 1944, and $10,054.56 *18 for 1945 as commission expenses, which claimed deductions were disallowed by respondent in determining the deficiencies appearing in his notice of deficiency dated November 19, 1947. The petitioner's customers consisted of approximately 1,100 beauty shops located in St. Louis, Missouri, the "Tri-Cities" area and surrounding road territory. Petitioner had from four to seven salesmen but Heil supervised the selling for petitioner corporation. Heil personally traveled over the territory calling upon petitioner's customers and many times the out-of-city customers would come to St. Louis to transact business with petitioner corporation. In 1945 petitioner had all the business it could handle and in that year Heil did not do much traveling. The petitioner maintained a petty cash fund from which current expenses were paid. These expenses were claimed by petitioner on its tax returns and allowed as deductions by respondent for each of the taxable years 1943, 1944 and 1945. In addition thereto, petitioner claimed deductions of $2,000 for 1943, $2,375 for 1944 and $1,275 for 1945, representing reimbursements to Heil for travel and entertainment expenses allegedly incurred by him on behalf *19 of the petitioner corporation, which claimed deductions were disallowed by respondent in determining the deficiencies set out in the notice of deficiency. These amounts were estimated by Heil. Petitioner's president spent the above stated amounts for travel and entertainment. Petitioner filed Federal income and declared value excess profits tax returns on an accrual-calendar year bais for the taxable years 1943, 1944 and 1945, and a Federal excess profits tax return for the taxable year 1945, with the collector of internal revenue for the first district of Missouri. It did not file Federal excess profits tax returns for the taxable years 1943 and 1944. Walter A. Wood, (now deceased), a lawyer and accountant, prepared and signed the income and declared value excess profits tax return and the excess profits tax return of petitioner corporation for the year 1945 as being the person who prepared such returns. The income and declared value excess profits tax returns for the years 1943 and 1944 were prepared and notarized by Wood but do not bear his signature or that of any other person as having prepared such returns. Petitioner furnished Wood with all pertinent information and relied *20 on his advice in making its returns. Opinion VAN FOSSAN, Judge: The petitioner is a Missouri corporation engaged in the sale of beauty supplies. Its original capital stock was issued for cash to Melvin H. Heil and Carol W. Schuermann. Mrs. Schuermann was the principal stockholder of petitioner corporation during the taxable years here involved. She was not engaged in any selling activities of the enterprise but rendered certain other services from time to time. The corporate minutes for each of the taxable years 1943, 1944 and 1945 provided that "the authorized commission of Carol W. Schuermann was set at 5% of the total net sales for the year." Accordingly, at the end of each of those taxable years an amount representing 5 per cent of petitioner's net sales was credited to a ledger account entitled "accrued commissions." In each respective following year these amounts were paid by check to Mrs. Schuermann. Petitioner contends that these payments were made in "compensation for personal services actually rendered" by Mrs. Schuermann and constituted an ordinary and necessary expense within the purview of section 23 (a) of the Internal Revenue Code. [1]
*21 Here we have a situation where the petitioner paid a commission to its major stockholder based on its net sales. In cases of this nature it is necessary for the Court to determine whether such a payment is, in fact, for services rendered or represents a distribution of earnings and profits. Since the circumstances suggest a lack of arm's length bargaining, the present situation must be scrutinized with especial care. The record does not show that the sale of petitioner's products was in any way increased as a result of services rendered by Mrs. Schuermann. There is no showing that the petitioner's volume of business increased or decreased in any proportion to an increase or decrease in Mrs. Schuermann's activities. The so-called commissions paid by petitioner to its major stockholder apparently bear no demonstrable relation to any personal services actually rendered by the recipient. The question obtrudes, - were the amounts so paid in reality a distribution of corporate profits in the nature of dividends or were they ordinary and necessary expenses incurred by petitioner in carrying on its business? The facts that the payments bore no relation to the amount of services rendered *22 and were a fixed percentage of net sales, which percentage did not vary from year to year, coupled with the facts that the recipient was a 74 per cent stockholder and that there is no evidence that, although the business was profitable, any dividends, as much, were ever paid, lead us to conclude that these payments were, in fact and in reality, distributions of profits in lieu of dividends. Accordingly, the payments of $6,305.75 for 1943, $7,112.53 for 1944 and $10,054.56 for 1945 are not deductible by petitioner as constituting ordinary and necessary expenses within the purview of section 23 (a), supra, and we so hold. The petitioner's customers were located in St. Louis, the "Tri-Cities" area, and surrounding territory. Its president, Heil, supervised its sales activities and personally traveled over the whole territory calling upon the customers. Frequently out-of-city customers came to St. Louis to transact business with petitioner. Petitioner maintained a petty cash fund from which certain current expenses were paid. Petitioner claimed, and was allowed, a deduction for these expenses for the taxable years involved. In addition thereto, it claimed deductions of $2,000 for *23 1943, $2,375 for 1944, and $1,275 for 1945, representing reimbursements to Heil for traveling and entertainment expenses incurred by him on its behalf. These claimed deductions are based upon estimates made by Heil. There being no records to substantiate the fact that these expenditures were business expenses, they were disallowed by respondent as deductions. Despite the inability of petitioner to connect Heil's expenditures with individual business transactions, we are convinced that the disputed amounts were used for purposes falling within the category of allowable business and traveling expenses. We accordingly approve the deductions. The amounts being allowable in full, there is no occasion to apply the so-called Cohan rule. ( Cohan v. Commissioner, 39 Fed. (2d) 540. There remains only the issue involving respondent's imposition of a 25 per cent negligence penalty for failure to file excess profits tax returns for the years 1943 and 1944, pursuant to section 291 (a) of the Internal Revenue Code. [2]
*24 The petitioner contends that failure to do so "is due to reasonable cause and not due to willful neglect * * *", in that it exercised reasonable care when it sought advice of counsel, Walter Wood, who prepared all of petitioner's returns during all its corporate life. Wood was both a lawyer and an accountant. To come within the rule set down in numerous cases it is necessary that the taxpayer show that it selected and relied on a person qualified to advise about tax matters and that the party was supplied with all pertinent information. While many lawyers would not consider themselves equipped to advise on the law of taxes, where a person is both a lawyer and an accountant and has handled a taxpayer's returns for several years, it would seem but reasonable to hold, in the absence of any conflicting evidence, that a small corporation, such as petitioner, exercised reasonable care and prudence in relying on the competency of such a tax adviser. From the fact that Wood prepared all returns filed by petitioner for all of the years of its corporate life, we believe that it is reasonable to conclude that petitioner furnished him with all pertinent information. Such being our conclusion, *25 it follows that petitioner's failure to file the returns in question was due to reasonable cause and not due to willful neglect. Therefore, the penalty is disapproved. Decision will be entered under Rule 50. Footnotes
1. SEC. 23. DEDUCTIONS FROM GROSS INCOME. In computing net income there shall be allowed as deductions: (a) Expenses. - (1) Trade or business expenses. - (A) In General. - All the ordinary and necessary expenses paid or incurred during the taxable year in carrying on any trade or business. including a reasonable allowance for salaries or other compensation for personal services actually rendered: * * *.↩
2. SEC. 291. FAILURE TO FILE RETURN. (a) In case of any failure to make and file return required by this chapter, within the time prescribed by law or prescribed by the Commissioner in pursuance of law, unless it is shown that such failure is due to reasonable cause and not due to willful neglect, there shall be added to the tax: * * * not exceeding 25 per centum in the aggregate. * * *↩